```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Yul B. Hayward,                :    CIVIL ACTION
                               :    NO. 19-1974
        Plaintiff              :
    v.                         :
                               :
Mr. McGintley, et al.,         :
                               :
        Defendants.            :
```

**ORDER**

**AND NOW**, this **31st** day of **October, 2019,** after considering Magistrate Judge Linda K. Caracappa's Report and Recommendation (ECF No. 11) and Petitioner's Objections (ECF No. 15), it is hereby **ORDERED** that:

1. The Report and Recommendation (ECF No. 11) is **APPROVED** and **ADOPTED;**

2. The Objections (ECF No. 15) are **OVERRULED;**[1] and

---

[1] There is no need to repeat the history or facts of the case because the Report and Recommendation adequately conveys this information. Petitioner's objections consist mainly of allegations that he should be released because he has served the minimum amount of time provided by his sentence of 40-to-life. These allegations, devoid of legal support, lack merit because there is no constitutional right to be released on parole. See Greenholtz v. Inmates of Nebraska Penal & Corr. Complex, 442 U.S. 1, 7 (1979) ("There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."). Petitioner also claims that the parole board "lied" in the reasons given for denial of parole and that the parole board is "oppressing" him. But these bald allegations, unsupported by any factual assertions, are insufficient to warrant relief. See Simms v. Carroll, 432 F. Supp. 2d 443, 444 (D. Del. 2006) ("Nevertheless, the court will

3. The Habeas Petition (ECF No. 2) is **DISMISSED**.

**AND IT IS SO ORDERED.**

*/s/ Eduardo C. Robreno*
*EDUARDO C. ROBRENO,    J.*

---

dismiss petitioner's application because he has failed to provide any facts to support or explain his vague and conclusory allegation . . . .").